IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID BOY FULLER, #147 862, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-417-TMH |
| | ) | [WO] |
| LT. NEARER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate  incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, when he filed  this 42 U.S.C. § 1983 complaint,[1] alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and/or actions of Defendants. Plaintiff names numerous defendants to his complaint and requests $50,000.00 in damages for the alleged violations of his constitutional rights. Upon review of the complaint, the court concludes that dismissal of some of the claims presented the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] During the pendency of this action, Plaintiff was transferred to the St. Clair Correctional Facility located in Springville, Alabama.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. FACTUAL ALLEGATIONS

Plaintiff's complaint concerns a variety of events that he claims occurred at the Montgomery County Detention Facility beginning in April 2013.  Specifically, he makes the following contentions:

- On April 6, 2013 Nurse Merrit denied vital signs after Plaintiff passed out and bumped his head.

- On April 30, 2013 while Plaintiff was having chest pains Officer Eaver covered the window with paper in violation of the Fourteenth Amendment "(lack of security)."

- On May 2, 2013 Officer Harris failed to give Plaintiff "medical help dealing with [his] diabetes" and failed to give him "presumed [sic] medication that was approved by a provider dealing with his diabetes and high blood pressure."

- On May 6, 2013 Nurse Slader failed to bring him prescribed medication that was approved by a provider dealing with his diabetes and high blood pressure.

- On May 7, 2013 Sgt. Blair conspired with another officer to deny him proper medical care.

- On May 8, 2013 Officer Eastwood destroyed legal paperwork.

- On May10, 2013 Officer Davis was verbally abusive to Plaintiff after he experienced heart problems.

- On May 11, 2013 Officer Donaldson would not "call" proper medical care for treatment of diabetes.

● On May 12, 2013, after lockdown, Sergeant Talley, Lieutenant Nearer, Officer Grant, and Officer Fleeton handcuffed Plaintiff behind his back with a broken arm, shackled his feet, and left him in the dark for three hours and thereafter failed to provide him with a body chart.

● On June 5, 2013 "Sergeant McCall at lockdown time violated the constitutional law of 14th and 8th amendment[s] with medical treatment and enhance in cruel and unusual punishment."

● On June 6, 2013 Nurse Slader denied him proper medical care when she sent him back to his cell when he was having chest pains and his blood pressure reading was 200/140.

● On June 11, 2013 Nurse Merrit denied Plaintiff proper medical treatment after an officer called about Plaintiff having chest pain and he had to be put in the infirmary.

(*Doc. No. 1.*)

*A. Medical Claims*

Plaintiff's assertion of an Eighth Amendment violation, based on allegations of inadequate medical care as described above, is subject to dismissal based on the facts asserted in the complaint. Plaintiff's medical care claims arise under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, Plaintiff must show that Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). Deliberate indifference is demonstrated only

where prison or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A "serious medical need" is one which has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the need for a doctor's attention. *Laamon v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977); *see also Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991) (injury or condition is serious  if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once."). Furthermore, it is the necessity of the medical treatment sought and not the desirability of such treatment which is determinative of whether medical officials have exhibited deliberate indifference. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Hamm v. DeKalb County*, 774 F.2d. 1567, 1575 (11th Cir. 1985).  A showing of negligence, neglect, or medical malpractice is also insufficient to establish a constitutional violation. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th  Cir. 1979). These standards reflect society's belief that prisoner's have no constitutional entitlement to unqualified access to health care. *Estelle*, 429 U.S. at 103-104.

In the instant case, Plaintiff has failed to plead sufficient facts necessary to demonstrate that Defendants acted with deliberate indifference to a serious medical need. Plaintiff fails to present any facts which show that Defendants' conduct and/or actions with respect to his claims of inadequate medical care and treatment had serious adverse effects on his health or caused him to suffer any tangible harm, or resulted in the unnecessary and

wanton infliction of pain.   Furthermore, the court notes that an occasional denial of medication does not rise to the level of a constitutional violation absent a showing that medical or correctional personnel were aware that the missed dose could cause severe pain or injury.   *See Haddix v. Kerss*, Fed. Appx. 551, 553 (5th Cir. 2006).   Additionally, an assertion that medical care has been delayed or denied without any allegation much less indication of any detrimental effect or injury is insufficient to state a claim of constitutional magnitude.   *See Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (claims that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment).   Also, conclusory allegations of a conspiracy to violate an inmates' rights are insufficient to state a viable § 1983 claim.   *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). Finally, notwithstanding the requirement that *pro se* complaints be construed liberally, the complaint must still allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S.

662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556

(2007)).  Here, Plaintiff's vague and generalized allegations of inadequate medical care do

not plausibly show that Defendants acted with deliberate indifference to a serious medical

need and such claims are, therefore, due to be dismissed under the provisions of 28 U.S.C.

§ 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B.  Failure to Protect/Beach of Duty*

Plaintiff complains that Defendant Eaver covered his cell window with paper when

Plaintiff was having chest pain. Plaintiff does not allege that Defendant Eaver was aware of

or in any way made aware of Plaintiff's condition.

Under the Eighth Amendment, prison officials are required to provide humane

conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and

medical care; and they must take reasonable measures to guarantee the safety of the inmates

in their custody. *See Farmer v. Brennan,* 511 U.S. 825 (1994).  When considering a claim

regarding prison conditions, including claims that prison officials failed to protect an inmate-

plaintiff, the court must consider "whether society considers the risk ... to be so grave that

it violates contemporary standards of decency to expose anyone unwillingly to such a risk."

*Hudson v. McMillian,* 503 U.S. 1, 8 (1992). To prevail on a failure to protect claim, the

plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial

risk of serious harm" and that the defendant prison officials were deliberately indifferent to

the his health and safety. *Id.* In other words, it is only a prison official's deliberate

indifference to a substantial risk of serious harm to an inmate that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25 (1993); *Wilson v. Seiter,* 501 U.S. 294 (1991); *Estelle v. Gamble,* 429 U.S. 97 (1976). Thus, to establish a failure to protect claim, a prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection.  *Farmer,* 511 U.S. at 832–33. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Here, Plaintiff's claim against Defendant Eaver, without more, fails to demonstrate any substantial risk of serious harm that the jailer was subjectively aware of and failed to protect Plaintiff from.  This claim is, therefore, due to be denied as frivolous.  *Neitzke v. Williams*, 490 U.S. 319 (1989).

To the extent Plaintiff complains that Defendant Eaver's conduct amounted to negligence, he is entitled to no relief.  The Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327 (1986);  *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").  Based on the foregoing, the court concludes that the alleged negligent actions about which Plaintiff complains do not rise to the level of a constitutional violation and,

therefore, provide no basis for relief in this 42 U.S.C. § 1983 action.

*C. Verbal Abuse*

Plaintiff claims that Officer Davis was verbally abusive to Plaintiff after he experienced heart problems. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, rehearing en banc* 407 F.3d 1272 (11th Cir. 2005); *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim).  Consequently, Plaintiff allegation of verbal abuse against Defendant Daivs will not support a claim of violation of his constitutional rights.   Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*D.  Access to Courts*

Plaintiff  claims that Defendant Eastwood denied him access to the courts when the jailer destroyed his legal paperwork. This claim, without more,  entitles Plaintiff to no relief.

In order to state an access-to-courts claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis v. Casey,* 518 U.S. 343, 356 (1996) (citing

*Bounds v. Smith,* 430 U.S. 817, 828 (1977)).  The Supreme Court explained in *Bounds* that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate legal assistance from persons trained in the law." *Id.* 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." *Lewis,* 518 U.S. at 351; *see also Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir. 1991) ( "both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a non-frivolous legal claim, an inmate has no standing to challenge the policy or practice in question. *Lewis,* 518 U.S. at 352-54; *Bass v. Singletary,* 143 F.3d 1442, 1444 (11th Cir. 1998).  Further, the right of access to the courts does not extend to any and all legal claims, only to those in which an inmate can demonstrate actual injury from an inability to challenge specific non-frivolous legal claims relating to the fact or condition of a prisoner's confinement. *Lewis,* 518 U.S. at 355; *see also Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998).

Plaintiff's contention involving the destruction of legal paperwork  alleges no facts to suggest how the conduct or actions of Defendant Eastwood so hindered his efforts to pursue a non-frivolous legal claim to such a degree that he experienced adverse

consequences or an <u>actual</u> injury from the alleged deprivation.  *Lewis*, 518 U.S. at 349.
Because Plaintiff's allegation against Defendant Eastwood regarding destruction  of legal
paperwork  fails to articulate any "actual injury" accruing to him, this claim is due to be
dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims of inadequate medical care and treatment against
Defendants Merrit, Harris, Slader, Blair, Donaldson, and McCall be DISMISSED with
prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i
and/or ii);

2.  Plaintiff's failure to protect/breach of duty claim against Defendant Eaver be
DISMISSED with prejudice prior to service of process pursuant to the provisions of 28
U.S.C. § 1915(e)(2)(B)(i);

3.  Plaintiff's verbal abuse claim against Defendant Davis be DISMISSED with
prejudice prior to service of process pursuant to the provisions of 28 U.S.C. §
1915(e)(2)(B)(i);

4. Plaintiff's access to courts claim against Defendant Eastwood  be DISMISSED
with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. §
1915(e)(2)(B)(i);

5. Defendants Merrit, Eaver, Harris, Slader, Blair, Donaldson, McCall, Davis, and

Eastwood be DISMISSED as parties to the complaint;

6.  This case with respect to Plaintiff's complaint against Defendants Talley, Nearer, Grant, and Fleeton be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before July 24, 2013** Plaintiff may file an objection to the said Recommendation.   Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).   *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of July 2013.


/s/Terry F. Moorer

TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE