IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID BOY FULLER, #147 862, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-417-TMH |
| | ) [WO] |
| LT. NEARER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, files this 42 U.S.C. § 1983 complaint alleging rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and/or actions of Defendants during his incarceration at the Montgomery County Detention Facility between April and June of 2013.[1] Upon review of the pleadings and documents filed in this matter, the court concludes that dismissal of Plaintiff's complaint and amendment thereto against Defendants Phelps, Turner and Washington is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] During the pendency of this action, Plaintiff was transferred to the St. Clair Correctional Facility located in Springville, Alabama.

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss a complaint at any time if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**I. DISCUSSION**

Plaintiff's complaint and amendment to the complaint concern a variety of events he alleges occurred at the Montgomery County Detention Facility between April and June of 2013. He asserts claims against numerous jail and medical personnel. Among the named defendants are Sergeant Turner, Sergeant Washington, and Nurse Phelps. A review of the complaint and amendment thereto, however, reveals Plaintiff has not stated any claim against these defendants. Though he names these individuals as defendants, he fails to make any specific allegations of wrongdoing against them in the body of his complaint or amendment to the complaint. *See Doc. Nos. 1, 13*.

In light of the foregoing, the court concludes that Plaintiff's complaint against Defendants Turner, Washington, and Phelps is due to be dismissed. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation); *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

**II. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint and amendment thereto against Defendants Turner,

Washington, and Phelps be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants Turner, Washington, and Phelps be DISMISSED as parties to the complaint;

3. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before June 9, 2014**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of May 2014.

                                /s/Terry F. Moorer
                               TERRY F. MOORER
                               UNITED STATES MAGISTRATE JUDGE